UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD THAYNE MUTSCHLER,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

C16-281 TSZ
(related to CR14-328)

ORDER

THIS MATTER comes before the Court on petitioner Richard Thayne Mutschler's amended motion under 28 U.S.C. § 2255, docket no. 18.  Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Discussion**

In October 2015, petitioner pleaded guilty to one count of mail fraud.  *See* Plea Agr. (CR14-328, docket no. 32).  Three other counts of mail fraud and four counts of wire fraud were subsequently dismissed.  *See* Minutes (CR14-328, docket no. 52). Petitioner received a sentence of 41 months in the custody of the United States Bureau of Prisons.  Am. Judgment (CR14-328, docket no. 63).  Petitioner is currently incarcerated at the Federal Correctional Institution on Terminal Island in California.

1    During the change-of-plea hearing, petitioner indicated, under oath, that he had

2  had ample opportunity to consult with his lawyer about the decision to enter a guilty plea

3  and that he was "completely satisfied" with his attorney's representation.  Tr. at 5:22-6:5

4  (Oct. 19, 2015), Ex. 1 to Resp. (docket no. 25-1).  The pending § 2255 motion asserts,

5  however, that prior counsel (J. Gregory Lockwood) was ineffective in failing to provide

6  discovery to petitioner, in not adequately informing petitioner about the terms of the plea

7  agreement, in pressuring petitioner to take the plea deal so as not to anger the prosecutor

8  and because petitioner was physically and mentally incapable of withstanding the rigors

9  of trial, in assuring petitioner that he could contest the amount of restitution at a hearing,

10  in falling asleep during the change-of-plea hearing, in not timely submitting objections to

11  the Presentence Report, and in being unprepared at the sentencing hearing.  _See_ Am. Mot.

12  (docket no. 18); _see also_ Mot. at 5 & 6 (docket no. 1) (signed by petitioner under penalty

13  of perjury).

14    In response, the Government has provided a declaration from petitioner's former

15  lawyer in which he denies the allegations made in the § 2255 motion.  _See_ Lockwood

16  Decl. (docket no. 25-3).  In reply, petitioner has requested an evidentiary hearing.  The

17  Court may rule on a § 2255 motion without an evidentiary hearing if "the motion and the

18  files and records of the case conclusively show that the prisoner is entitled to no relief."

19  28 U.S.C. § 2255(b).  The Court concludes that an evidentiary hearing is unnecessary

20  because the pending § 2255 motion can be decided on the papers, without resolving the

21  factual disputes between petitioner and his prior attorney.

22

23

ORDER - 2

1    The Court is further persuaded that petitioner's claim of ineffective assistance of

2   counsel in connection with his guilty plea and/or sentencing lacks merit.  To prevail on

3   such claim, petitioner must prove that (i) his attorney's representation fell below an

4   objective standard of reasonableness, and (ii) any deficiencies in counsel's performance

5   were prejudicial to the defense.  _See_ _Strickland v. Washington_, 466 U.S. 668, 688 & 692

6   (1984).  Petitioner has not met this burden.

7          The change-of-plea proceedings in this case were more involved than usual

8   because the Court, over the Government's objection, struck from the plea agreement the

9   standard language pursuant to which defendants normally waive the right to appeal

10  whatever sentence is imposed.  _See_ Plea Agr. at 10, ¶ 14(a) (CR14-328, docket no. 32);

11  Tr. at 16:6-18:7 (Oct. 19, 2015), Ex. 1 to Resp. (docket no. 25-1).  The Government

12  moved for reconsideration of the Court's modification of the plea agreement, _see_ Gov't

13  Mot. (CR14-328, docket no. 33), and in response, petitioner indicated, through his then

14  lawyer, a willingness to forego his right to appeal, expressing concern that the

15  Government might attempt to withdraw from the plea agreement and stating his desire to

16  preserve the sentencing guideline range set forth therein, _see_ Def.'s Resp. (CR14-328,

17  docket no. 34).[1]  Petitioner makes no complaint that this communication with the Court

18  was contrary to his wishes or constituted conduct falling below the applicable standard of

19

20  ---

21  [1] Although the Court denied the Government's motion for reconsideration, enabling petitioner to appeal his sentence, _see_ Order (CR14-328, docket no. 35), and although the United States Court of Appeals for the Ninth Circuit granted petitioner's motion to proceed in forma pauperis on appeal and appointed counsel for him, _see_ 9th Cir. Order (CR14-328, docket no. 68), petitioner opted not to pursue a challenge

22  to his sentence, _see_ Order & Mandate (CR14-328, docket no. 77).

23

ORDER - 3

1 care, and it completely undermines petitioner's assertion that he was misled or pressured

2 into pleading guilty or was unprepared by his attorney to do so.

3        Rather, as reflected in this response to the Government's motion, petitioner

4 understood that, in exchange for his entry of a guilty plea to one count of the Indictment,

5 seven other counts were being dismissed, and he wanted to take advantage of the deal

6 struck with the Government.  Moreover, as a result of the Court's colloquy relating to the

7 deleted appellate waiver, petitioner also understood that, although the parties had agreed

8 to an adjusted offense level of 16 (calculated from a base of 7, with a 12-level increase

9 for the amount of loss, and a 3-point reduction for acceptance of responsibility), *see* Plea

10 Agr. at ¶ 6 (CR14-328, docket no. 32); Tr. at 12:4-13:9 (Oct. 19, 2015), Ex. 1 to Resp.

11 (docket no. 25-1), the Government would be advocating for three different two-point

12 enhancements, Tr. at 14:5-15:8 (Oct. 19, 2015), Ex. 1 to Resp. (docket no. 25-1), which

13 would, if applied, increase the sentencing guideline range.  Indeed, the very reason the

14 Court eliminated the appeal-waiver provision from the plea agreement was to ensure that

15 petitioner would have an opportunity to challenge the Court's calculation of the guideline

16 range.  *See* Order at 11-17 (CR14-328, docket no. 35).

17        At sentencing, petitioner's counsel argued that the adjustments proposed by the

18 Government were inapplicable and that the guideline range should be 21-to-27 months.

19 *See* Def.'s Sentencing Memo. (CR14-328, docket no. 45).  The Court concluded that only

20 two of the three proposed two-level increases were appropriate, resulting in a guideline

21 range of 33-to-41 months.  *See* Tr. at 36:7-38:10 (Jan. 21, 2016), Ex. 2 to Resp. (docket

22 no. 25-2).  Pursuant to the plea agreement, the Government was bound to and did

23

1 recommend the low end of the range. *See id.* at 41:11-12. The Court, however, imposed

2 the high end. *Id.* at 46:19-20. Any "surprise" petitioner might have felt about the

3 sentence because he mistakenly thought the Court would be "sympathetic" to him, *see*

4 Lockwood Decl. at ¶ 19 (docket no. 25-3), is not attributable to any deficiency in his

5 former lawyer's performance. Rather, petitioner's prior attorney successfully opposed

6 one of the three enhancements suggested by both the Government and the probation

7 officer, *see* Gov't Sentencing Memo. & Supp. Memo. (CR14-328, docket nos. 44 & 50);

8 PSR (CR14-328, docket no. 37), and petitioner could have, but chose not to, challenge

9 the other two upward adjustments on appeal.

10      In sum, none of the alleged failings of petitioner's former lawyer materially

11 affected either the entry of the guilty plea or the sentence imposed by the Court.

12 Petitioner appeared content to plead guilty when he had hope that the Court would side

13 with him and give him the low end of the guideline range. The Court is satisfied that

14 petitioner was fully informed about the consequences of his guilty plea and voluntarily

15 and knowingly accepted the risk of adverse rulings on sentencing issues. Petitioner

16 cannot use a § 2255 motion and an attack on the competence of his prior attorney merely

17 to express dissatisfaction with the sentence he received.

18 **Conclusion**

19      For the foregoing reasons, the Court ORDERS:

20      (1)      Petitioner's amended § 2255 motion, docket no. 18, is DENIED.

21      (2)      Petitioner's alternative request for a certificate of appealability, docket

22 no. 18, is also DENIED.

23

ORDER - 5

1    (3)    The Clerk is directed to send a copy of this Order to all counsel of record

2  and to CLOSE this case.

3        IT IS SO ORDERED.

4        Dated this 19th day of December, 2017.

5

6

7                                          Thomas S. Zilly
                                           United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 6